## JACOB KOHLBRENNER, APPELLANT, v. GEORGE ELSHEIMER, RESPONDENT.

*Action of trespass in justices' court in Buffalo — plea of title — when Superior Court of Buffalo has exclusive jurisdiction — when the Supreme Court has jurisdiction — section 12, chapter 96 of 1854 — the undertaking given on a plea of title must comply with its provisions — Code, § 56.*

APPEAL from a judgment entered upon the report of a referee, dismissing the complaint, on the ground that the court has not jurisdiction of the action.

The action was brought to recover damages for alleged trespasses upon plaintiff's land, in the town of Cheectowaga, Erie county. Before this suit was commenced, the plaintiff had sued the defendant for the same cause of action, before a justice of the peace, in the city of Buffalo. In that action the defendant interposed a plea of title, and gave an undertaking, conditioned that if the plaintiff should, within twenty days from the date thereof, deposit with the justice a summons and complaint in an action in the Supreme Court, for the same cause of action, etc., the defendant should, within twenty days of such deposit, give an admission in writing of the service thereof. Thereupon the suit before the justice was discontinued and this action was commenced.

The court at General Term said : " The decision of the referee was put upon the ground that the action in the justice's court was discontinued by a plea of title, and thereupon exclusive jurisdiction of the subject-matter of the action was vested in the

Superior Court of the city of Buffalo, under the twelfth section of chapter ninety-six of the Laws of 1854. The position assumes that the defendant took all the steps before the justice, necessary to work a discontinuance. Among other things, it was necessary that he should give an undertaking, conditioned as required by the statute. The same section twelve requires that the condition be, that the defendant shall give an admission of the service of a summons and complaint in the Superior Court if the plaintiff shall deposit such summons and complaint with the justice. The undertaking given by the defendant did not contain that condition. It bound the defendant to admit service of a summons and complaint in the Supreme Court. It did not comply with the statute referred to, and if, as the appellant's counsel contends, the Supreme Court had not jurisdiction to entertain the action, the undertaking was a nullity. The plea of title was, therefore, ineffectual to work a discontinuance, and the suit before the justice was discontinued by the voluntary action of the plaintiff. The subsequent suit in the Supreme Court is to be regarded as an original action. That court having general jurisdiction of actions for trespass upon land, the referee erred in dismissing the complaint.

"It is true the referee found that the defendant delivered to the justice an undertaking as required by the statute, and that the action in the justice's court was discontinued, and this action was commenced pursuant to the statute. The statute referred to in the finding is section fifty-six of the Code of Procedure. That such is the case, is evident from the statement in the present case of the concession made by the parties on the trial before the referee, and also from the undertaking itself, a copy of which is contained in the appeal papers. That section requires that the undertaking shall be conditioned to admit service of a summons and complaint in the Supreme Court. If the provisions of the Code control the case, this court obviously had jurisdiction of the new action; if they do not apply, and the case is governed by section twelve of the act of 1854, the undertaking given was a nullity.

"This view of the case renders it unnecessary for us to decide which of the statutes referred to applies to the case, as in either alternative, this court has jurisdiction of the present action."

*Frank R. Perkins,* for the appellant.   *P. A. Mattison,* for the respondent.

Opinion by SMITH, J.; TALCOTT, P. J., and HARDIN, J., concurred.

Judgment reversed, and new trial ordered before another referee ; costs to abide event.